PER CURIAM.
Following a sale of real estate by the appellee, Arvida Corporation, to the appel-lee, Fort Lauderdale Enterprises, Inc., the appellant, The Keyes Company, real estate broker, filed action against the appellee seeking judgment for sales commission and judgment against defendants for alleged conspiracy to interfere with Keyes’ listing contract and to deprive Keyes of its commission. Compensatory and punitive damages were sought.
The case was tried before a jury. Motions of defendants for directed verdicts were not granted when made and the case was submitted to the jury, which returned a verdict in favor of the plaintiff Keyes for a 5% commission with interest. Thereafter, the court granted renewed motions of defendants for directed verdict, and entered judgment for defendants, a separate judgment being entered for the defendant Arvi-da. The plaintiff appealed therefrom.
The determinative question is whether the trial court erred in concluding, as it was essential to do in directing verdicts for the defendants, that there was an absence of evidence to prompt or support a jury verdict for the plaintiff, viewing the evidence in a light favorable to the plaintiff and upon resolving in favor of the plaintiff any conflicts in the evidence and inferences reasonable thereby drawn from the evidence.
On consideration of the record, briefs and argument, we hold the ruling of the trial court was not error. From the record it appears the trial court so viewed the case when it was submitted to the jury. The fact that the case was given to the jury is not basis to conclude it was not properly subject to directed verdict for defendants, when in reality it was. When a trial court so views the record it is within his province, under the rules of practice, to submit the case to the jury for a verdict, as a means of saving time and effort which would be required for a re-trial of such a case, in event of reversal of a judgment entered on directed verdict.
No reversible error having been shown, the judgments are affirmed.